[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10713

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-02759-CV-T-26-EAJ

ANTHONY E. WATSON,

Petitioner-Appellee,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2010)

Before EDMONDSON and MARCUS, Circuit Judges, and BARBOUR,* District
Judge.

_____

*Honorable William Henry Barbour, Jr., United States District Judge for the Southern
District of Mississippi, sitting by designation.

PER CURIAM:

Justice John M. Harlan wrote these words:

A trial judge is a decision-maker, not an advocate. To force him out
of his proper role by requiring him to coax out the arguments and
imaginatively reframe the requested remedies for the counsel before
him is to place upon him more responsibility than a trial judge can be
expected to discharge.

Henry v. Mississippi, 379 U.S. 443, 463 (1964) (dissenting).

The precise question raised before us on appeal -- was there a separate
judgment for the third case (92-4771) -- seems not to have been raised before the
district court. A timeliness argument was certainly raised before the district court,
but we believe it is not the same argument that is being made to us. We are
confident that, if the argument was made, it was made far too subtly to count.
Because the question was not plainly raised, the district court did not decide it; and
we do not have the benefit of the district court's thinking. Given that the question
was neither presented adequately nor decided, the district court could not err about

2

it.  On this basis, we affirm the judgment of the district court.  But, in passing, we also observe that petitioner's habeas petition does look to have been timely for the pertinent third state conviction although that conviction and sentence had not been adjusted during the state post-conviction proceedings.

Seeing no reversible error, we affirm the judgment of the district court.

AFFIRMED.